## WESTINGHOUSE ELECTRIC & MFG. CO. v. ORANGE COUNTY GAS & ELECTRIC CO.

(Circuit Court, S. D. New York. November 17, 1902.)

1 PATENTS—INFRINGEMENT—ELECTRICAL CONVERTERS.

The Stanley patent, No. 469,809, for a system of electrical distribution, covers a combination of which one element is a converter, in which the length of wire in the primary coil is that determined by the so-called "Stanley rule," and is not infringed by a converter in which the length of such wire is substantially different from what it would have been had that rule been applied and followed.

In Equity. Suit for infringement of letters patent No. 469,809, granted to William Stanley March 1, 1892, for a system of electrical distribution. On motion for preliminary injunction.

J. Edgar Bull, for the motion.

M. B. Philip, Charles E. Mitchell, and H. B. Brownell, opposed.

LACOMBE, Circuit Judge. The questions arising upon this motion were considered in the opinion of the circuit court of appeals in this circuit in Westinghouse Electric & Mfg. Co. v. Saranac Lake Electric Light Co., 113 Fed. 884, 51 C. C. A. 514. Without now going exhaustively into the discussion with which the briefs are concerned, it will be sufficient succinctly to indicate the reasons for the conclusion now arrived at in the case at bar. The circuit court of appeals opinion states that the claims in controversy cover a combination which includes primary and secondary coils, and in which the primary coil is given "such length of wire exposed to magneto-electric induction that, when operated by the dynamo with which it is used, under certain conditions certain results will follow." The opinion proceeds:

"The man skilled in the art would not have found in that art anything which would have told him precisely what that length of wire should be. The claim does not give any formula for determining what it should be, and, if the specification were equally silent, there might be some question as to whether Stanley had really contributed anything of importance to the art; certainly it would yet remain for others to inform the art just how to find out a length which would operate as indicated in the claim. But when the patentee in his claim enumerates as one element of his combination a wire of a length which will accomplish the result sought to be achieved, and his patent discloses a method for determining that length with mathematical exactness, his claim may fairly be sustained for the length thus shown, although it might be that some other length covered by the language of the claim, but not of the rule, would fall outside the claim."

It seems to this court that the court of appeals found that the claims of the patent were for a combination of the elements therein set forth, of which one element was a primary coil having a length of wire equal to what would be found to produce the indicated results when applying the Stanley rule; and that the claims were sustained for a combination of the enumerated elements into a converter, not merely for a process of determining one of those elements. In the case before the court of appeals the length of wire in the primary coil of the infringing device, when operated by the dynamo with which it was to be used with its secondary circuit open, produced the result indicated in the claim. It did not appear by satisfactory evidence that the length of the wire in the primary coil was substantially different from the length which would have been indicated if the maker had employed the Stanley rule in determining such length. The single reference on the motion for reargument was not at all persuasive, possibly because the witness took a different view of the patent from that subsequently settled on by the court. Therefore it was held that the transformer then before the court infringed, the court of appeals concurring in the opinion of the circuit court that "the order in which the steps necessary to produce the desired transformer are taken would seem to be immaterial." The court of appeals was fully advised that in the case before it there was no proof that the person who made the transformer actually used the so-called "Stanley rule" in determining the length of wire in the primary coil, but it did appear that the length used was substantially the length he would have determined if he had used

that rule, its action under prescribed conditions was identical, and infringement was found.   The evidence in the case at bar as to the two new types of transformer "A O" and "G" is much more specific as to the length of wire in primary coil; and, in view of the repeated and concurrent testimony of the many experts called by the defendant, it cannot be held that the length of wire in primary coil is substantially the same as it would be if such length were determined by the Stanley rule.   If it be not substantially the same, we seem to have the very exception suggested in the opinion of the court of appeals,—"some other length covered by the language of the claim, but not of the rule," —and infringement is not shown.

The motion is denied.