### WESTINGHOUSE ELECTRIC & MFG. CO. v. MONTGOMERY ELECTRIC LIGHT & POWER CO.

(Circuit Court, N. D. New York. June 18, 1904.)

1. PATENTS—INFRINGEMENT—ELECTRICAL CONVERTERS.

The Stanley patent, No. 469,809, for a system of electrical distribution, is infringed by a converter in which the length of the primary coil is substantially that of the converter of the patent, and required by the so called "Stanley Rule," although the length is not ascertained by the use of such rule, which is not a part of the claims of the patent.

In Equity. Motion for a Preliminary Injunction.

The patent in suit, No. 469,809, was granted to William Stanley, Jr., March 1, 1892, for improvements in systems of electrical distribution. The patent has been considered and sustained in this circuit in the so-called "Saranac Case" (C. C.) 108 Fed. 221, affirmed in 113 Fed. 884, 51 C. C. A. 514. The patent was also considered by the Circuit Court for the District of Massachusetts in 117 Fed. 309, and by the Circuit Court for the Southern District of New York in 119 Fed. 365.

J. Edgar Bull, for complainant.
A. C. Fowler, for defendant.

COXE, Circuit Judge. To what was said at the close of the argument but little need be added. It is agreed by counsel that the only question to be decided on this motion is the following: Does the defendant use a length of wire substantially equal to the length of wire prescribed by the Stanley patent? In other words, it was admitted at the argument that in this circuit the question of infringement is the only one left open for discussion and that it must be determined in favor of the complainant if the foregoing question be answered in the affirmative.

The specification of the Stanley patent says:

"The first thing to be determined is the length of the primary wire. This should be of such length that reacting self-inductively upon its own magnetic current the average counter-potential so produced approximately equals the potential applied to the primary circuit. When so constructed, an ammeter will practically show no current when the secondary circuit is opened."

It was conceded by counsel for the defendant, in response to a question by the court, that if this direction were followed the correct length of wire would be obtained. In other words, if wire be wound on the primary coil until the ammeter practically shows no current when the secondary current is opened the result will be the invention of the Stanley patent. But counsel insists that this method was previously shown by Zipernowski and Deri and, therefore, that the patent is anticipated.

Several answers suggest themselves but at the present time it is sufficient to say that the courts of this circuit have decided that the patent is not anticipated by the Zipernowski and Deri publication. The Circuit Court says:

"The article in question imparts no information upon the one subject which is the all essential feature of the Stanley invention, namely, the length of the primary wire and the method of determining the same."

The Circuit Court of Appeals says:

"Concededly the man skilled in the art would not have found in that art anything which would have told him precisely what that length of wire should be. * * * But when the patentee in his claim enumerates as one element of his combination a wire of a length which will accomplish the result sought to be achieved, and his patent discloses a method for determining that length with mathematical exactness, his claim may be fairly sustained for the length thus shown."

It would seem, therefore, that the argument that the method for ascertaining the length of the primary wire as pointed out in the specification is vague, uncertain and indeterminate, cannot be maintained. We have, then, a clear statement that existing difficulties can be remedied by regulating the length of the wire on the primary coil and a simple method of ascertaining that length. In view of all that has been decided by the courts of this circuit it cannot be contended that the so-called "Stanley Rule" is a part of the claims involved. The essence of the invention is the length of the wire on the primary coil and not the instrument or method by which that length is determined. If this were otherwise any one who reaches the same result by a different method will escape infringement. The court is not prepared to say that a combination can be appropriated by one who adopts a different rule for the measurement of one of its elements from that pointed out in the patent. As was said by the court in the Orange County Case, 119 Fed. 365:

"It seems to this court that the Court of Appeals found that the claims of the patent were for a combination of the elements therein set forth, of which one element was a primary coil having a length of wire equal to what would be found to produce the indicated results when applying the Stanley rule; and that the claims were sustained for a combination of the enumerated elements into a converter, not merely for a process of determining one of those elements."

Coming now to the question of fact, as indicated above, the court cannot resist the conclusion that it must be answered in favor of the complainant. It is not pretended that the length of wire on defendant's coil was ascertained by an application in each instance of the Stanley rule, but it is established that the length required by that rule

is, approximately, used by defendant. The tremendous advance in the electrical art during the eighteen years since Stanley's invention has placed in the hands of electricians means for ascertaining the correct length of the wire on the primary coil more expeditiously and accurately than those pointed out in the patent, but this does not enable them to appropriate the invention. They cannot use the Stanley length of wire because modern methods have enabled them to secure that length without applying the tedious and comparatively primitive method of the patent. The defendant's transformers are automatically self-regulating and possess all the characteristics of the transformers held to infringe in the Saranac Case. They have substantially the same length of wire measured in feet as the complainant's transformers, which appear to be constructed in accordance with the provisions of the patent. This is shown by the following table:

|  | Westinghouse. | Wagner. |
|---|---|---|
| 1½ k. w. size | 1,490 feet. | 1,480 feet. |
| 2 k. w. size | 1,400 " | 1,416 " |
| 3 k. w. size | 1,235 " | 1,296 " |
| 5 k. w. size | 1,095 " | 1,130 " |

From the maze of contradiction and dispute presented by these papers the court is enabled to extract a few fundamental propositions.

First. Stanley made a valuable invention.

Second. The patent describes the invention with sufficient clearness to enable skilled electricians to practice it without difficulty.

Third. The defendant has appropriated the invention although its transformers were not designed in the manner pointed out by Stanley.

These conclusions render it unnecessary to follow the experts into the realm of speculation, even if the court were sufficiently versed in electrical science to enable it to reconcile their numerous disagreements.

The other questions mooted in defendant's brief were either disposed of at the argument or by the decisions of this circuit in previous litigations.

Stanley's contribution to the art should be judged by the conditions existing when he made his invention over 18 years ago. It is unfair to belittle that invention by comparing his crude recommendations with the scientific methods which have been discovered since that time. His invention remains unchanged, but experience has substituted improved methods of carrying it out. The defendant uses transformers constructed by the improved methods, but they are none the less the transformers invented by Stanley.

The motion is granted.